# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* PORTIS, Minors.

UNPUBLISHED
April 3, 2018

No. 340197
Wayne Circuit Court
Family Division
LC No. 16-523962-NA

Before: GLEICHER, P.J., and BOONSTRA and TUKEL, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating his parental rights to the minor children, RJP, SMP, GP, MJP, AIP, and AMP, under MCL 712A.19b(3)(b)(*i*) (parent caused physical injury to child), (g) (failure to provide proper care and custody), and (j) (reasonable likelihood that the child will be harmed if returned to parent). We affirm.

Respondent argues on appeal that reversal is warranted because petitioner failed to offer services to facilitate reunification with his children, but this argument is without merit. Ordinarily, "[petitioner] must prepare a case service plan, which must include . . . a '[s]chedule of services to be provided to the parent, child, and if the child is to be placed in foster care, the foster parent, to facilitate the child's return to his or her home or to facilitate the child's permanent placement.' " *In re Mason*, 486 Mich 142, 156; 782 NW2d 747 (2010), quoting MCL 712A.18f(3)(d). However, petitioner need not make reasonable efforts to reunify the child and the family when circumstances specifically set forth in MCL 712A.19a(2) or MCL 722.638 are present. *In re Mason*, 486 Mich at 152. MCL 712A.19a(2)(a) states that such efforts to reunify the family do not apply to cases where "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in [MCL 722.638(1) and (2)]." MCL 722.638(1)(a)(*ii*), in turn, provides that "criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate" is one of the crimes for which petitioner is not required to provide reunification services.

Here, the trial court determined at the preliminary hearing that respondent subjected SMP to aggravated circumstances, as detailed in MCL 722.638(1)(a)(*ii*). This determination was supported by respondent's pleas in this case and in his criminal case, where he admitted to sexually assaulting SMP. Accordingly, petitioner was not required to provide respondent with reunification services. Moreover, because petitioner sought termination of respondent's parental

-1-

rights in the initial petition, it was not obligated to provide reunification services. See *In re HRC*, 286 Mich App 444, 463; 781 NW2d 105 (2009).

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra
/s/ Jonathan Tukel